a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH N. BARNES #113123,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05673<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MARCUS MYERS, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Kenneth N. Barnes ("Barnes"). Barnes is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He alleges that he was denied adequate medical care through the deliberate indifference and malfeasance of Defendants. ECF No. 1.

Because Barnes must present factual allegations of deliberate indifference to state a viable claim, he must AMEND the Complaint.

I. Background

Barnes alleges that he made several complaints and requests for medical care before he was finally examined by Nurse Practitioner Heather Cormier and Dr. Spencer Launey. Both providers requested x-rays of Barnes's right ankle and leg. ECF No. 1 at 3. X-rays indicated the nonunion of the tibiotalocalcaneal in Barnes's ankle and hindfoot. ECF No. 1-2.

Barnes was referred to an orthopedic specialist, Dr. Sylvest. ECF No. 1 at 3. Dr. Sylvest examined Barnes on March 25, 2022 and referred him to the orthopedic clinic in New Orleans for further evaluation with an orthopedic surgeon. *Id.* at 3; ECF No. 1-2 at 1. Barnes was transported to the orthopedic clinic on May 10, 2022. The specialist determined that further surgery was not an option, and that Barnes should return to the clinic in one year. *Id.*

II. <u>Law and Analysis</u>

To state viable claim for the violation of the Eighth Amendment's proscription against cruel and unusual punishment, a prisoner must allege that defendants acted with "deliberate indifference" to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Barnes asserts constitutional violations by Defendants Warden Marcus Myers, the RLCC Medical Supervisor, Nurse Practitioner Heather Cormier, and Iris Harmonson. However, he does not allege how each named Defendant acted with deliberate indifference. Therefore, Barnes must amend his Complaint to state:

2

(1) a description of what EACH named defendant did to violate his constitutional rights;

(2) the date on which each alleged violation occurred; and

(3) what injury he suffered from each violation by each Defendant.

Barnes should also identify what treatment he is seeking that he has not received.

### III. Conclusion

Because Barnes must provide additional information to support his claim, IT IS ORDERED that Barnes file an AMENDED COMPLAINT within 30 days of the date of this Order.

SIGNED on Monday, December 5, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE