a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH N. BARNES #113123, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05673 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MARCUS MYERS, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Kenneth N. Barnes ("Barnes"). Barnes is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He alleges that he was denied adequate medical care through the deliberate indifference and malfeasance of Defendants. ECF No. 1.

Because Barnes fails to state a constitutional claim, his Complaint, as amended (ECF Nos. 1, 8), should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Barnes alleges that he made several complaints and requests for medical care before he was finally examined by Nurse Practitioner Heather Cormier and Dr. Spencer Launey. Both providers requested x-rays of Barnes's right ankle and leg. ECF No. 1 at 3. X-rays indicated the nonunion of the tibiotalocalcaneal in Barnes's ankle and hindfoot. ECF No. 1-2.

Barnes was referred to an orthopedic specialist, Dr. Sylvest. ECF No. 1 at 3. After examining Barnes on March 25, 2022, Dr. Sylvest referred Barnes to the orthopedic clinic in New Orleans for further evaluation with an orthopedic surgeon. *Id.* at 3; ECF No. 1-2 at 1. Barnes was transported to the orthopedic clinic on May 10, 2022. The specialist determined that further surgery was not an option, and that Barnes should return to the clinic in one year. *Id.*

## II.     Law and Analysis

### A.     Barnes's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Barnes is a prisoner who has been granted leave to proceed in forma pauperis. ECF No. 6. As a prisoner seeking redress from an officer or employee of a governmental entity, Barnes's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Barnes's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

2

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Barnes does not allege a viable constitutional claim.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Barnes's factual allegations do not indicate that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Although Barnes was not able to see a specialist until this year, all non-emergent appointments were cancelled in 2020 and 2021 due to the COVID-19 pandemic. ECF No. 1-2 at 1. The implication that treatment was deliberately denied for any other reason is conclusory. The Court does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Additionally, Barnes's conclusory claims of "malfeasance" do not support a constitutional violation.

*See Thomas v. LeBlanc*, 08-CV-349, 2008 WL 4909833, at *3 (M.D. La. Nov. 13, 2008) (allegations of malfeasance do not rise to the level of a constitutional violation).

Since the reopening of clinics, Barnes was referred to orthopedic specialists. The orthopedic surgeon determined that Barnes was not a surgical candidate and should follow up in one year. ECF No. 1-2. Barnes clearly disagrees with the opinion and treatment received, but a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *See Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

In an Amended Complaint, Barnes alleges that Defendants ignored Dr. Sylvest's recommendation "for months." ECF No. 8 at 3. However, the only recommendation allegedly made by Dr. Sylvest is that Barnes see an orthopedic surgeon. That recommendation was not ignored for months—Barnes saw the orthopedic surgeon about six weeks later.

### III. Conclusion

Because Barnes does not state a viable constitutional claim, IT IS RECOMMENDED that the Complaint and Amended Complaint (ECF Nos. 1, 8) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 21, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE